UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| UNITED STATES OF AMERICA, | Case No. 3:10-cr-00019-LRH-RAM |
|---|---|
| Plaintiff, | ORDER |
| v. | |
| STEVEN COOPER, | |
| Defendant. | |

Before the Court is the Defendant Steven Cooper's ("Cooper") motion for early termination of supervised release (ECF No. 61). The government filed a response (ECF No. 63), and Cooper did not file a reply. For the reasons articulated in this Order, the Court grants the motion.

**I.     BACKGROUND**

On February 10, 2010, Cooper was indicted for Possession of Child Pornography in violation of 18 U.S.C. § 2252A(a)(5)(B). After pleading guilty, this Court sentenced Cooper to 36 months imprisonment and 20 years of supervised release. Cooper began his supervised release on October 29, 2013. In 2015, Cooper violated a condition of supervised release by using digital media to view adult pornography. The violation resulted in a modification of his supervised release. ECF No. 54. Since then, Cooper has complied and has completed all obligations set forth by the probation office.

///

///

1

## II. LEGAL STANDARD

Pursuant to 18 U.S.C. § 3583(e), after considering a subset of the section 3553(a) factors,[1] the court may "terminate a term of supervised release and discharge the defendant released at any time after the expiration of one year of supervised release, pursuant to the provisions of the Federal Rules of Criminal Procedure relating to the modification of probation, if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice." Given the "expansive phrases 'conduct of the defendant' and 'interest of justice,'" a district court has "broad discretion in determining whether to grant a motion to terminate supervised release." *United States v. Emmett*, 749 F.3d 817, 819 (9th Cir. 2014).

## III. DISCUSSION

The Court has considered all the grounds in support of Cooper's early termination of supervised release and is fully satisfied that Cooper qualifies for and is deserving of an early termination of supervised release. The Court commends Cooper on completing all coursework required of his sex offender treatment program, meeting all requirements of the probation office, and receiving complimentary and supportive reports from his therapist. Moreover, Cooper has not failed any polygraph examinations, nor failed to meet any community service or financial obligations. Neither the government nor the probation office opposes early termination.

---

[1] Title 18 U.S.C. § 3553(a) provides, in relevant part:
    The court shall impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph (2) of this subsection. The court . . . shall consider—
    (1) the nature and circumstances of the offense and the history and characteristics of the defendant;
    (2) the need for the sentence imposed—
        . . .
        (B) to afford adequate deterrence to criminal conduct;
        (C) to protect the public from further crimes of the defendant; and
        (D) to provide the defendant needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
    . . .
    (4) the kinds of sentence and the sentencing range established . . .
    (5) any pertinent policy statement . . .
    (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and
    (7) the need to provide restitution to any victims of the offense.

For these aforementioned reasons, and for good cause being found, the Court will grant Cooper's motion.

### IV.   CONCLUSION

IT IS THEREFORE ORDERED that Cooper's motion for early termination of supervised release (ECF No. 61) is **GRANTED**.

IT IS FURTHER ORDERED that Martin H. Wiener's motion (ECF No. 62) to withdraw as Cooper's attorney is **GRANTED**.

IT IS SO ORDERED.

DATED this 29th day of September, 2021.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE